UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEAM HEALTHCARE/DIAGNOSTIC CORPORATION, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:07-CV-0214-O | |
| § | | |
| AETNA LIFE INSURANCE COMPANY, § *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Aetna Inc.'s *Motion for Dismissal Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction* (Doc. # 19) filed November 9, 2007, Plaintiff's Response (Doc. # 25) filed November 29, 2007, and Aetna Inc.'s Reply (Doc. # 34) filed December 14, 2007.

Having reviewed the motion and applicable law, the Court finds the motion should be and is hereby **DENIED**.

**I.    Factual and Procedural Background**

This is a suit by a medical services vendor to recover payment for medical services rendered from the allegedly responsible insurance companies. Plaintiff Team Healthcare/Diagnostic Corporation ("THC") is a Texas Corporation that provides cardiopulmonary tests to patients and submits claims for payment under the patients' benefits plans. Am. Compl. at ¶ 9. THC filed this action against Aetna Inc. ("Aetna"), Aetna Life Insurance Co. ("ALIC"), Aetna Health Inc. ("AHI"), and Aetna Health Management, LLC ("AHM"), on January 5, 2007 in the 191st Judicial District Court of Dallas County, Texas,

1

alleging claims under the Texas Insurance Code and state common law. Defendants removed this action to federal court on January 31, 2007. Subsequently, Aetna moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Aetna is the parent company of ALIC, AHM, and AHI, the other Defendants in this action. Mot. at 2. ALIC offers insured and self-funded health benefits to various employers and employer groups. *Id.* AHI is a health maintenance organization providing health coverage to various employers and employer groups. *Id.* AHM provides certain services to employee benefit plans that are offered to employers and employer groups by various Aetna entities. *Id.* Aetna is incorporated in the state of Pennsylvania and does not have a regular place of business or maintain a resident agent for service of process in Texas. Am. Compl. at ¶ 6.

Defendants removed this action asserting that the issue of preemption by the Employee Retirement Income Security Program, 29 U.S.C. § 1001, *et seq.*, ("ERISA") is a federal question properly in federal court. After removal, Plaintiff amended its Complaint to include additional causes of action arising under ERISA. Aetna now moves to dismiss all claims against it for lack of personal jurisdiction. The issues have been briefed by the parties and this matter is ripe for determination. The parties did not request an evidentiary hearing on this motion.

II. **Legal Standards**

Where a nonresident defendant challenges personal jurisdiction, the party seeking to invoke the Court's power bears the burden of proving that jurisdiction exists. *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). A court may consider oral evidence along with written, but an evidentiary hearing is not required. *Moran v. Kingdom of Saudi Arabia, et al.*, 27 F.3d 169, 173 (5th Cir. 1994). When the court rules on a motion to dismiss without an

evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima facie* case that personal jurisdiction is proper. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). When plaintiff makes a *prima facie* case of personal jurisdiction, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable in that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Luv n' Care*, 438 F.3d at 474; *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir. 1996). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and where a factual dispute exists, the dispute must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

To establish a *prima facie* case of personal jurisdiction over a defendant in federal court, a defendant must allege facts demonstrating that service of process was effective to establish jurisdiction under Federal Rule of Civil Procedure 4(k). Absent a relevant exception, Rule 4(k) restricts the ability of service of process to confer personal jurisdiction to where the defendant could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. FED. R. CIV. P. 4(k)(1)(A). Thus, generally, personal jurisdiction over a nonresident defendant is proper in a federal court if the state in which the court sits has a long-arm statute that confers personal jurisdiction over the defendant and the exercise of jurisdiction is consistent with due process under the Fourteenth Amendment. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

The Texas long-arm statute has been interpreted as extending to the limits of due process. *Bullion*, 895 F.2d at 217. Thus, under Rule 4(k)(1)(A), plaintiff makes a *prima facie* case if plaintiff alleges facts showing defendant purposefully established "minimum contacts" with

Texas. *Id.*; FED. R. CIV. P. 4(k)(1)(A). If plaintiff makes this showing, defendant can rebut the *prima facie* case by showing that the entertainment of the suit against the nonresident would offend traditional notions of fair play and substantial justice. *Luv n' Care*, 438 F.3d at 474.

While Rule 4(k) generally limits where service of process can confer personal jurisdiction, this Rule contains an exception in situations where service of process is authorized by a statute of the United States. FED. R. CIV. P. 4(k)(1)(D). Several federal statutes, including ERISA, authorize nationwide service of process over a nonresident defendant. *See* Employee Retirement Income Security Program, 29 U.S.C. § 1001, *et seq.*; 1934 Securities Exchange Act, 15 U.S.C. § 78(a), *et seq*. ERISA's service of process provision states that:

> "(w)here an action under this subchaper is brought in a district court of the United States, it may be brought in the district where the plan in administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."
> 29 U.S.C. § 1132(e)(2).

Thus, under ERISA, a federal court may exercise personal jurisdiction over any defendant who has been served in the United States, regardless of whether the defendant has contacts to the forum state in which the court sits, so long the federal court sits in a district where the plan was administered or where the alleged breach took place. *Id.* This is commonly referred to as the nationwide service of process exception.

Courts have held that for ERISA's nationwide service of process exception to apply, a Plaintiff must bring an action against a defendant that truly falls under ERISA. *Denny's Inc., et al. v. Cake, et al.*, 364 F.3d 521, 524 (4th Cir. 2004) (noting that ERISA's nationwide service of process provision applies if action is a proper ERISA action); *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 524-25 (6th Cir. 2000) (stating that personal jurisdiction under 29 U.S.C. § 1132(e)

4

depends upon subject matter jurisdiction under 29 U.S.C. § 1132(a)); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2nd Cir. 1993) (stating that since Plaintiff stated a colorable claim under the MPPAA, the district court has personal jurisdiction over defendants insofar as the MPPAA includes a provision for nationwide service of process). In determining whether plaintiff's claim is properly under ERISA, courts generally look at whether plaintiff's allegations demonstrate plaintiff is entitled to bring a suit under ERISA's civil enforcement provision and whether the relief sought is authorized by this statute. *Id.*; 29 U.S.C. § 1132(a)(3).

Even where a plaintiff alleges a colorable claim under ERISA, courts have held that the Fifth Amendment requires that a defendant have "minimum contacts" with the United States when personal jurisdiction is based upon service under a nationwide service of process provision. *Bellaire Gen. Hosp.*, 97 F.3d at 826; *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1995). Fifth Amendment due process concerns are satisfied where a defendant resides within the United States. *Bellaire Gen. Hosp.*, 97 F.3d at 825.

When personal jurisdiction is proper over a defendant for a claim due to a nationwide service of process exception, a court may apply the doctrine of "pendent personal jurisdiction" and exercise personal jurisdiction over the defendant with regards to any additional claims that arise out of a *common nucleus of operative fact* as the claim under the federal statute providing for nationwide service of process.[1] *United States v. Botefuhr, et al.*, 309 F.3d 1263, 1272-74 (10th Cir. 2002). While the Fifth Circuit had not yet applied the doctrine of "pendent personal jurisdiction," every circuit court of appeals to address the issue has upheld the validity of the

---

[1] Generally, a Plaintiff must secure personal jurisdiction over a defendant with respect to each claim asserted. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006).

doctrine. *Id.* at 1273; *see also Action Embroidery Corp. v. Atlantic Embroidery, Inc.,* 368 F.3d 1174, 1180-81 (9th Cir. 2004); *Robinson Eng'g Co. Pension Plan and Trust v. George*, 223 F.3d 445, 449-50 (7th Cir. 2000); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056-57 (2nd Cir. 1993); *Oetiker v. Jurid Werke, G.m.b.H.,* 556 F.2d 1, 4-6 (C.A.D.C. 1977); *Robinson v. Penn Central Co.,* 484 F.2d 553, 556 (3rd Cir. 1973).

### III.   Analysis

Plaintiff's Amended Complaint alleges claims under the Texas Insurance Code, state common law, and ERISA. *See generally* Am. Compl. Aetna argues that this Court does not have jurisdiction to adjudicate these claims because Aetna does not have "minimum contacts" with Texas and the exercise of personal jurisdiction in this court offends traditional notions of fair play and substantial justice. Mot. at 2. In addition, Aetna argues that it does not have a connection to any ERISA plan at issue in this case and therefore ERISA's nationwide service of process provision does not confer personal jurisdiction here. Aetna's Reply at 4-5. Plaintiff responds that ERISA's nationwide service of process provision applies, and jurisdiction is proper because Aetna has minimum contacts with the United States. *See generally* Plaintiff's Brief in Response.

The Court will first address whether Plaintiff has made a *prima facie* case of personal jurisdiction over Aetna with respect to its ERISA claims via ERISA's nationwide service of process provision, and if so, whether Aetna has shown that the exercise of jurisdiction would be unreasonable. If personal jurisdiction has been shown over Aetna with respect to ERISA claims due to ERISA's nationwide service of process provision, the Court will determine whether to

6

exercise pendent personal jurisdiction over Plaintiff's remaining state law claims.

A.      **Personal Jurisdiction exists over ERISA claims due to nationwide service of process**

Plaintiff pleads claims under ERISA for breach of contract and breach of fiduciary duty, seeking reimbursement for medical services provided to patients allegedly holding ERISA plans from Defendants. Am. Compl. at ¶ 44-63. For ERISA's service of process exception to apply, these claims must truly fall under ERISA's civil enforcement provision. *Denny's Inc.*, 364 F.3d at 524; *NGS Am., Inc.*, 218 F.3d at 524-25; *IUE AFL-CIO Pension Fund*, 9 F.3d at 1056.

      i.      **Plaintiff has pleaded claims against Aetna under ERISA's civil enforcement provision**

Aetna argues that ERISA's nationwide service provision cannot confer jurisdiction here because ERISA cannot be applied to Aetna in this case. To determine whether Plaintiff has made a colorable claim against Aetna under ERISA, the Court evaluates whether Plaintiff has alleged a cause of action against Aetna under ERISA's civil enforcement provision. *See NGS Am., Inc.*, 218 F.3d at 524-25 (where court evaluated whether Plaintiff was entitled to bring a suit under 29 U.S.C. § 1132(a)(3)).

Plaintiff's breach of contract claim arises under 29 U.S.C. § 1132(a)(1)(B), which authorizes suits by a plan participant or beneficiary to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of fiduciary duty claim arises under 29 U.S.C. § 1132(a)(3), which authorizes suit by a participant, beneficiary, or fiduciary (A) to enjoin an any act or practice which violates any provision of the subchapter of ERISA containing the civil enforcement provision or the terms of a plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provisions of this

subchapter or the terms of the plan.

Plaintiff alleges it is entitled to bring suit under ERISA as the assignee of Defendants' plan participants. Am. Compl. at ¶ 45, 53. Plaintiff alleges that Defendants are claim fiduciaries and wrongfully refused to pay Plaintiff's claims. *Id.* at ¶ 44-63. In addition, Plaintiff alleges that Aetna acted as an agent for ALICO and AHI with regard to processing, denial, and/or payment of the claims at issue in this case. *Id*. at ¶ 8. Plaintiff further alleges that its employees met with and spoke to Aetna employees handling the claims that form the basis of this suit. *Id.* at ¶ 15. Plaintiff seeks reimbursement of fees from Defendants and for such other and further relief to which it may be entitled. *Id.* at ¶ 52-end.

Plaintiff has made a colorable claim that it is entitled to bring suit under ERISA. While Plaintiff is not a "participant" or "beneficiary," Plaintiff has alleged that it has been assigned rights to payment by beneficiaries of ERISA plans. Am. Compl. at ¶ 45, 53. The Fifth Circuit has held that medical providers that have been assigned rights to payment by plan beneficiaries have standing under ERISA. *Dallas County Hosp. Dist. v. Assocs.' Health and Welfare Plan*, 293 F.3d 282, 286 (5th Cir. 2002) (noting that to deny standing to health care providers as assignees of beneficiaries of ERISA plans might undermine Congress' goal of enhancing employees' health and welfare). Thus, Plaintiff has alleged facts demonstrating it is entitled to bring suit under ERISA.

Furthermore, Plaintiff seeks relief authorized by ERISA. Plaintiff seeks reimbursement of fees from Defendants and for such other and further relief to which it may be entitled. *Id.* at ¶ 52-end. Under ERISA, assignees of plan participants or beneficiaries have a right to seek recovery of benefits due to them under the terms of a plan, to enforce their rights under the terms

of a plan, or to clarify their rights to future benefits under the terms of a plan. 29 U.S.C. at § 1132(a)(1)(B). Unlike the suit *NGS Am., Inc.*, 218 F.3d at 524-31, where the Sixth Circuit upheld dismissal for lack of personal jurisdiction because the suit for injunctive and declaratory relief was not an action to "enforce" an ERISA preemption provision, Plaintiff in this case seeks relief authorized by ERISA.

Though Plaintiff has alleged facts that entitle it to bring claims under ERISA, Aetna argues that these claims cannot properly be brought against it, as opposed to the other Defendants, because Aetna specifically has no connection to this ERISA benefits law suit. Aetna's Reply at 4-5. In support of this assertion, Aetna notes that it is not an insurance company, HMO, or ERISA plan fiduciary, and has no connection to any ERISA plan under which Plaintiff seeks benefits. *Id.*

The Court disagrees with Aetna's assertion that Plaintiff has not shown any connection between Aetna and Plaintiff's ERISA claims. Plaintiff's Amended Complaint alleges that Plaintiff's president met with Aetna's network manager regarding the denial of Plaintiff's claims for payment, and that the manager advised THC to resubmit its past-due claims. Am. Compl. at ¶ 15. The Amended Complaint also indicates that at least one other Aetna employee was involved in handling THC's claims. *Id.* Plaintiff also contends that Aetna acted as an agent for the other Defendants in this suit. *Id.* at ¶ 8, 15. Plaintiff has alleged facts showing a connection between Aetna and the ERISA claims at issue in this suit. Because Plaintiff has made a colorable ERISA claim against Aetna, ERISA's nationwide service provision applies.[2]

---

[2] Plaintiff has alleged that all or a substantial part of the events made the basis for this lawsuit occurred in this district. Am. Compl. ¶ 6. Thus, plaintiff has pleaded facts showing that the ERISA plans at issue were administered or allegedly breached in this district. *See* 29 U.S.C. § 1132(e)(2). Aetna does not argue that ERISA's nationwide service of process exception is inapplicable because plans at issue

Since ERISA's nationwide service of process exception applies, this court must now evaluate whether Plaintiff has made a *prima facie* showing that Aetna has "minimum contacts" with the United States, and if so, whether Aetna has shown that the exercise of jurisdiction is unreasonable. *See Bellaire Gen. Hosp.*, 97 F.3d at 826; *Busch*, 11 F.3d at 1258.

### ii.     Exercise of personal jurisdiction comports with due process

Finding that ERISA's nationwide service provision applies, the Court can exercise personal jurisdiction over Aetna with respect to Plaintiff's ERISA claims if Aetna has "minimum contacts" with the United States such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Bellaire Gen. Hosp.*, 97 F.3d at 826; *Busch*, 11 F.3d at 1258. Fifth Amendment due process concerns are satisfied where a defendant resides within the United States. *Bellaire Gen. Hosp.*, 97 F.3d at 825.

The Court finds that Plaintiff has made a *prima facie* case that Aetna has "minimum contacts" with the United States. Plaintiff has alleged that Aetna is incorporated in the state of Pennsylvania, has its principal place of business in the state of Connecticut, and conducts business in the United States. *See* Am. Compl. at ¶ 5. Aetna has not disputed these allegations. *See Bellaire Gen. Hosp.*, 97 F.3d at 825. In addition, Aetna has not shown that the exercise of personal jurisdiction over Aetna would be unreasonable.

Accordingly, with respect to Plaintiff's ERISA claims, Aetna's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

### B.     Personal Jurisdiction Over Remaining Claims

The Court must now determine whether it may exercise personal jurisdiction over Aetna

---

were not administered or allegedly breached in this district.

with respect to Plaintiff's non-ERISA claims, including claims under the Texas Insurance Code and state common law. *See* Am. Compl.

The parties have not raised the issue of whether this Court may hear Plaintiff's non-ERISA claims simply because the ERISA claims are properly before the Court. However, most district courts and all circuit courts of appeals to address the issue have held that, under the doctrine of "pendent personal jurisdiction," where a federal statute authorizes nationwide service of process and claims "derive from a *common nucleus of operative fact*" as the claims under the relevant statute, the district court may assert personal jurisdiction regarding the related claims even if personal jurisdiction is not otherwise available. *IUE AFL-CIO Pension Fund*, 9 F.3d at 1056; *ESAB Group, Inc*., 126 F.3d at 627-28; *Botefuhr*, 309 F.3d at 1272.

No district court in Texas has squarely addressed the issue of whether "pendent personal jurisdiction" exists over claims that are pendent or supplemental to those that derive from a *common nucleus of operative fact* as those for which personal jurisdiction exists under a federal statute authorizing nationwide service of process.[3] However, the district court for the Southern District of Texas has indicated its acceptance of the doctrine in *Newby, et al. v. Enron Corp, et al., (In re Enron Corp. Secs.)* 465 F.Supp. 2d 687, 706 (S.D. Tex 2006). In *In re Enron Corporation Securities*, Plaintiff sought leave to amend its complaint to add Daniel Ferguson, a Canadian citizen. *Id.* at 705. Mr. Ferguson opposed the motion for leave, arguing, among other things, that the amendment would be futile because Plaintiff could not exercise personal jurisdiction over him. *Id.* at 705-06. The court denied this argument, noting that since Plaintiff

---

[3] This Court previously declined to apply "pendent personal jurisdiction" in a diversity case that did not involve nationwide service of process under a federal statute. *Stelax Industries, Ltd. v. Donahue*, 3:03-CV-923-M, 2004 WL 733844 at *8-10 (N.D. Tex Mar. 25, 2004).

11

brought claims under the 1934 Exchange Act, personal jurisdiction was proper if Ferguson (1) had minimum contacts with the United States, and (2) the exercise of personal jurisdiction was reasonable due to the Act's nationwide service of process provision. *Id.* at 706. The court noted that pendent personal jurisdiction would exist over the related state law claims. *Id.*

While the Fifth Circuit has not yet addressed this issue, this Court finds the decisions of its sister circuits persuasive. Specifically, factors of judicial economy, convenience, and fairness to the litigants are promoted by the application of the doctrine of "pendent personal jurisdiction." As noted by the Fourth Circuit, when the federal and state claims arise from a *common nucleus of operative fact*, application of the doctrine of "pendent personal jurisdiction" imposes "only a minimal burden to require the defendant to provide a defense on the factually-related state claim.*" ESAB Group, Inc.*, 126 F.3d at 628. Thus, in this case, personal jurisdiction exists over Aetna with respect to Plaintiff's non-ERISA claims by applying the doctrine of "pendent personal jurisdiction" if these claims arise from a *common nucleus of operative fact* as Plaintiff's ERISA claims.

In determining whether separate claims arise under a *common nucleus of operative fact*, the Court evaluates whether the facts giving rise to the claims are of the character that Plaintiff would ordinarily be expected to try them all in one judicial proceeding. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (discussing pendent subject matter jurisdiction). Here, Plaintiff has alleged ERISA actions, as well as actions under the Texas Insurance Code and common law (breach of contract, unjust enrichment, quantum meruit, and promissory estoppel). All of these claims are based on denials of Plaintiff's claims for payment for medical services provided to plan beneficiaries. The Court concludes that these claims would be

expected to be brought in a single lawsuit and arise out of a *common nucleus of operative fact*. Further, trying these issues in a single lawsuit promotes judicial efficiency, is convenient for the parties, and avoids piecemeal litigation. Accordingly, the Court will apply the doctrine of "pendent personal jurisdiction" and finds it has personal jurisdiction over Aetna with respect to Plaintiff's non-ERISA claims.

## IV. Conclusion

In sum, this Court has personal jurisdiction over Aetna regarding Plaintiff's ERISA claims by virtue of ERISA's nationwide service of process provision. In addition, Plaintiff's non-ERISA claims arise out of a *common nucleus of operative fact* as its ERISA claims. Accordingly, this Court has pendent personal jurisdiction over Aetna with respect to Plaintiff's non-ERISA claims. Aetna's Motion to Dismiss is **DENIED**.

**SO ORDERED** on this 22d day of **February, 2008.**

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**